IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.

**ROBERT FIGUEROA**

Criminal No. 6:20-cr-00628-TMC

**PLEA AGREEMENT**

## General Provisions

This PLEA AGREEMENT is made this _____ day of _____, 2021, between the United States of America, as represented by Acting United States Attorney M. RHETT DEHART; Assistant United States Attorney Justin W. Holloway; Chief, Organized Crime and Gang Section, DAVID L. JAFFE; Trial Attorney Rebecca R. Dunnan; the Defendant, **ROBERT FIGUEROA**, and Defendant's attorney, David S. Wyatt, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.  The Defendant agrees to plead guilty to Count 18 of the Superseding Indictment now pending, which respectively charge conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a quantity of heroin, and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846.

    In order to sustain its burden of proof, the Government is required to prove the following:

### Count 18

Title 21, United States Code, Section 846 makes it a crime to conspire with someone else to commit a drug offense against the laws of the United States. A conspiracy is an agreement between two or more persons to join together to accomplish an unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of

every other member. In order to prove the Defendant's guilt in this case, the government must prove the following elements beyond a reasonable doubt:

A.    First, that there was an agreement between two or more persons to distribute and/or possess with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a quantity of heroin, and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl");

B.    Second, the Defendant knew of this agreement or conspiracy;

C.    Third, the Defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy; and

D.    Fourth, the Defendant either:

1) personally distributed or possessed with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a quantity of heroin, and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl"), **or**

2) it was reasonably foreseeable to the Defendant that members of the conspiracy would be distributing or possessing with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a quantity of heroin, and a quantity of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly referred to as "fentanyl").

**The penalty for a violation of 21 U.S.C. § 841(b)(1)(A) is:**

IMPRISONMENT FOR  10 years – Life
FINE OF  $10,000,000
TERM OF SUPERVISED RELEASE OF  at least 5 years
SPECIAL ASSESSMENT  $100

2.    The Defendant understands and agrees that monetary penalties (e.g., special assessments, restitution, fines and other payments required under the sentence) imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613.  In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not

preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613, and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A.    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment (and any other indictments under this number) at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4.      The Defendant understands that the obligations of the Government within the Plea
Agreement are expressly contingent upon the Defendant's abiding by federal and state laws
and complying with any bond executed in this case. In the event that the Defendant fails
to comply with any of the provisions of this Agreement, either express or implied, the
Government will have the right, at its sole election, to void all of its obligations under this
Agreement and the Defendant will not have any right to withdraw his plea of guilty to the
offense(s) enumerated herein.

## Forfeiture

5.      The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture of any
and all assets and property, or portions thereof, which are subject to forfeiture pursuant to
any provision of law, including but not limited to, property in the possession or control of
the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily
surrender, and not contest the forfeiture of property identified in the Superseding
Indictment, and any forfeiture Bill of Particulars.

### Forfeiture Judgment:

**A sum of money equal to all property the Defendant obtained as a result
of the offenses charged in the Superseding Indictment, and all interest
and proceeds traceable thereto as a result of the violations of Title 18
and Title 21.**

With regard to each and every asset listed in the Superseding Indictment or seized in a

related investigation or administrative, state, or local action, the Defendant stipulates and

agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any
federal criminal, civil judicial or administrative forfeiture action. The Defendant also
hereby agrees to waive all constitutional, statutory and procedural challenges in any
manner (including direct appeal, habeas corpus, or any other means) to any forfeiture
carried out in accordance with this Plea Agreement on any grounds, including that the

7/8/21

forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his/her cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this

Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

6.    The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

7.    The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this

7/8/21

Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

8.      The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

9.      If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of **120 months incarceration**, followed by the appropriate statutory term of supervised release. In the event that the Court does not accept this agreement of the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) then either party may withdraw from the plea agreement. If the Defendant does not comply with all the terms of this Agreement, the United States may seek the maximum sentence allowed by law and the Defendant will not be allowed to withdraw his plea.

10.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant

7/8/1

tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement

may be modified only in writing signed by all parties; and that any and all other promises,

representations and statements, whether made prior to, contemporaneous with or after this

Agreement, are null and void.

7-8-21
_____
Date

7-8-21
_____
Date

_____
Robert Figueroa
Defendant

_____
David S. Wyatt, Esquire
Defense Attorney

M. RHETT DEHART
ACTING UNITED STATES ATTORNEY

7 | 8 | 21
_____
Date

Brander Hutter for    #13186
_____
Justin Holloway (Fed. ID # 11684)
Assistant United States Attorney

DAVID L. JAFFE
CHIEF, ORGANIZED CRIME AND GANG
SECTION

7 | 8 | 21
_____
Date

/s/ Rebecca R. Dunnan
_____
Rebecca R. Dunnan
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice

## U.S. DEPARTMENT OF JUSTICE
### Statement of Special Assessment Amount

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 6:20-cr-00628-TMC |
| **DEFENDANT'S NAME:** | Robert Figueroa |
| **PAY THIS AMOUNT:** | $100.00 per count |
| **PAYMENT DUE ON OR BEFORE:** | **(date plea agreement signed)** |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
***CLERK, U.S. DISTRICT COURT***

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**300 East Washington Street**
**Greenville, South Carolina 29601**

OR HAND DELIVERED TO:
**Clerk's Office**
**300 East Washington Street**
**Greenville, South Carolina 29601**
(Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER  (**Do Not send cash**)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*